United States Court of Appeals
Fifth Circuit

**F I L E D**

June 8, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10897
Summary Calendar
_____

I. STEPHAN BLOCH,

                                        Plaintiff-Appellant,

versus

SIMEON T. LAKE, III, U.S. District Judge; HARRELL
WATTS, National Appeal Administrator; RONALD G.
THOMPSON, Regional Director of Bureau of Prisons;
MICHAEL D. HOOD, Regional Counsel for Bureau of Prisons,
M. MORRISON, Warden; R. A. SMITH, Unit Manager at Beaumont
Federal Correctional Institution Low,

                                        Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CV-2965-G
---------------------

Before HIGGINBOTHAM, BENAVIDES, and OWEN, Circuit Judges.

PER CURIAM:[*]

     I. Stephan Bloch, federal prisoner # 66982-079, seeks leave

to proceed in forma pauperis (IFP) following the district court's

certification that his appeal from the dismissal of his Bivens[1]

action is taken in bad faith.  Bloch is challenging the district

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

     [1] Bivens v. Six Unknown Named Agents of Fed. Bureau of
Narcotics, 403 U.S. 388 (1971).

court's certification. Bloch's IFP motion is denied. See <u>Baugh</u> <u>v. Taylor</u>, 117 F.3d 197, 202 & n.24 (5th Cir. 1997).

Bloch alleges that Judge Lake and the Bureau of Prisons (BOP) defendants violated his due process rights by forcing him to participate in the Inmate Financial Responsibility Program (IFRP). He argues that the IFRP payment plan constituted an impermissible delegation of Article III power to a non-judicial entity. Because the sentencing court set the amount of restitution and ordered that the restitution was due immediately, there was no unconstitutional delegation of judicial authority. See <u>McGhee v. Clark</u>, 166 F.3d 884, 886 (7th Cir. 1999); <u>Montana-Figueroa v. Crabtree</u>, 162 F.3d 548, 550 (9th Cir. 1998).

Bloch also argues that the district court erroneously concluded that he failed to exhaust his administrative remedies as to defendants Watts, Thompson, Morrison, and Smith. The record shows that Bloch failed to name those defendants in grievance proceedings. Accordingly, the district court correctly determined that he failed to exhaust his administrative remedies as to those defendants. See 42 U.S.C. § 1997e.

Finally, Bloch argues that the district court erred by dismissing his claims against Judge Lake. Bloch's claims for injunctive and declaratory relief were properly dismissed as frivolous. See <u>McGhee</u>, 166 F.3d at 886; <u>Montana-Figueroa</u>, 162 F.3d at 550. Bloch has demonstrated no error in the district court's conclusion that Judge Lake is absolutely immune from a

claim for monetary damages in this case.  See Mireles v. Waco, 502 U.S. 9, 11 (1991).

The instant appeal is frivolous and is dismissed as such. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.

The dismissal of this appeal and the district court's dismissal of Bloch's complaint for failure to state a claim count as strikes under the Prison Litigation Reform Act.  See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996).  Bloch previously acquired a strike when his appeal was dismissed in Bloch v. Hood, No. 02-41565 (5th Cir. Apr. 4, 2003) (unpublished), and he was cautioned in that opinion that the accumulation of three strikes would result in the imposition of a bar under 28 U.S.C. § 1915(g).  Because Bloch has now accumulated three strikes under § 1915(g), he is BARRED from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  § 1915(g).

IFP DENIED.  APPEAL DISMISSED.  5TH CIR. R. 42.2.  28 U.S.C. § 1915(g) SANCTION IMPOSED.