IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 1, 2008

Charles R. Fulbruge III
Clerk

No. 07-10292

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MICHAEL D FLEMONS

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
3:01-CR-134-2

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

In 2002, Michael Flemons was convicted of conspiracy to commit health care fraud and multiple counts of aiding and abetting health care fraud.[1] He was ordered to pay approximately $2.7 million in restitution. Once in prison, Flemons joined the Bureau of Prisons' Inmate Financial Responsibility Program

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] See United States v. Flemons, 02-10686, 2003 WL 261836 (5th Cir. Jan. 22, 2003) (per curiam) (unpublished) (affirming Flemons' convictions).

(IFRP).[2] Flemons alleges that the amount he is required to pay under the program was increased, subsequent to his initial classification, to an unreasonable amount given his financial condition. Flemons filed a pro se "Motion to Modify Restitution Payment Schedule" asking the court to modify its restitution order by imposing a reasonable payment schedule. He did not seek to have his restitution obligations terminated either permanently or during his incarceration. The district court responded to Flemons' motion by letter and "decline[d]" to adjust his restitution payment. Flemons appealed, and the Government opted not to participate in the appeal.

We address sua sponte our jurisdiction. Although an unusual method of disposition, under these circumstances, we conclude that there is an appealable final order. The court's letter, a copy of which appears in the record, specifically addressed Flemons' motion and declined to grant relief. "As a general rule, a final judgment terminates litigation on the merits and leaves the district court with nothing to do except execute the judgment."[3] The corresponding docket sheet entries, while wanting, reflect in the first entry that the letter was sent to Flemons, and in a second entry, that the letter "terminated" Flemons' motion. The text of the letter makes clear that the court was denying relief. Neither party was arguably misled or prejudiced by the disposition. Were we to dismiss for a want of jurisdiction, "the district court would simply [enter a formal order], from which a timely appeal would then be taken. Wheels would spin for no practical purpose."[4]

Turning to the merits of Flemons' motion, 18 U.S.C. § 3664(k) provides that

---

[2] See 28 C.F.R. §§ 545.10, 545.11.

[3] See United Indus., Inc. v. Simon-Hartley, Ltd., 91 F.3d 762, 764 (5th Cir. 1996).

[4] Bankers Trust Co. v. Mallis, 435 U.S. 381, 385 (1978) (per curiam).

> [a] restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. . . . The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

To the extent Flemons is attempting to attack the terms of the restitution order as originally imposed by the district court or its legality, this motion is not a proper vehicle to do so.[5] Rather, we are concerned only with whether Flemons demonstrated a material change in circumstances such that it was error for the district court not to adjust his payment schedule.

According to his motion, the amount of Flemons' IFRP payment is such that he has had to have family and friends send him money so that he can meet the obligation. Moreover, he claims that the BOP raised his monthly payment based on a one-time gift from his mother; liberally construed, his financial circumstances "changed."

On this record, we are unable to review meaningfully Flemons' claim. The record essentially comprises in toto Flemons' pro se three-page motion and five-page appellate brief. The district court denied Flemons' motion without making any findings or providing any reasons.[6] It is unclear whether the district court understood Flemons' motion to be attacking the amount of the restitution award or simply requesting a modification of the payment schedule. No hearing was

---

[5] See United States v. Hatten, 167 F.3d 884 (5th Cir. 1999).

[6] See McIncrow v. Harris County, 878 F.2d 835 (5th Cir. 1989) (""When we have no notion of the basis for a district court's decision, because its reasoning is vague or simply left unsaid, there is little opportunity for effective review. In such cases, we have not hesitated to remand the case for an illumination of the court's analysis through some formal or informal statement of reasons.'" (quoting Myers v. Gulf Oil Corp., 731 F.2d 281, 284 (5th Cir. 1984))).

held before the district court, and the motion was not referred to a magistrate judge. Nor did the Government respond to Flemons' motion. Without a fuller and more reliable picture of Flemons' claim, and given the quasi-coercive nature of the IFRP[7] and that we cannot dismiss out of hand his allegation of changed circumstances,[8] it would be imprudent for us to render a decision.[9] We express no opinion as to the merits of Flemons' motion.

Accordingly, we VACATE the district court's order and REMAND for further proceedings.

---

[7] See 28 C.F.R. § 545.11(d) (detailing possible sanctions for a prisoner who either declines to "participate in the financial responsibility program or to comply with the provisions of his financial plan").

[8] See Hatten, 167 F.3d at 887 ("As a practical matter, Hatten's motivation in filing the motion appears to have been to contest the amounts that the USPO was requiring him to pay. If Hatten cannot meet the payment schedule established for him, his proper course of action is to petition the district court to modify its restitution order."). We note that the statute cited to in Hatten was 18 U.S.C. § 3663(g), which was superceded by § 3664(k). We see no reason why a different conclusion should obtain under § 3664(k).

[9] Cf. Madison v. Parker, 104 F.3d 765, 769 (5th Cir. 1997) ("Unfortunately, the record lacks significant information as to whether Madison was eligible for mandatory supervised release. Therefore, we cannot determine whether he was entitled to due process until sufficient facts have been revealed. Accordingly, we vacate the judgment of the district court and remand this case for further proceedings.").