# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 11, 2009

Charles R. Fulbruge III
Clerk

No. 08-10658

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CEDRICK DIGGS,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas

Before REAVLEY, SMITH, and DENNIS, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Cedrick Diggs challenges his scheduled restitution payments under the Inmate Financial Responsibility Program ("IFRP"). Because the district court lacked subject matter jurisdiction, we vacate and remand for dismissal.

I.

Diggs was sentenced to imprisonment and restitution. The judgment stated that restitution was payable immediately and that upon the commencement of any term of supervised release, any unpaid part of the restitution should be made at the rate of at least $100 a month. Diggs voluntarily enrolled in the IFRP and signed an inmate financial contract agreeing to pay $70 a month in restitution.

Five months later, Diggs filed a request for an administrative remedy at the Missouri federal prison where he is currently serving his sentence. The request asked for temporary exemption from his IFRP obligations, but the request was denied. Diggs did not exhaust his administrative appeals, but instead filed, in the sentencing court, a motion, under 18 U.S.C. § 3664(k), to have his IFRP payments suspended or reduced from $70 a month to $25 quarterly.

The government responded that Diggs had failed to exhaust his administrative remedies on the modification request and that, to the extent he was challenging the manner in which the Bureau of Prisons ("BOP") was administering the IFRP, he should have proceeded under 28 U.S.C. § 2241 in the district of his confinement. The district court denied relief.

II.

Diggs argues that his payments should be lowered because of his new financial circumstances, the details of which are not pertinent to the jurisdictional issue we address. Diggs filed his claim under 18 U.S.C. § 3664(k), which states,

> A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. . . . The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. Upon receipt of the notification, the court may, on its own motion, or the

motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

The government is correct that Diggs erred in filing under § 3664(k). He is not challenging a payment schedule made by the court, but instead is opposing his scheduled payment amount under the IFRP. That program is administered by the BOP, and a challenge to BOP administrative programs must be filed under 28 U.S.C. § 2241 and in the district of incarceration. *See United States v. Lott*, 227 F. App'x 414 (5th Cir. 2007). All other circuits to look at this issue agree that prisoners challenging their IFRP payment plans must do so under § 2241.[1]

Diggs's quest to suspend his payments must also be brought under § 2241. Were he challenging a court-ordered repayment schedule (such as the $100 a month he must pay during supervised release), suit could be brought under § 3664(k). Likewise, were he paying part of the restitution on his own schedule because of the court's requirement that repayment be immediate, he could seek relief under § 3664(k). Here, however, he is again disputing payments under the IFRP, requesting that payments be suspended under that program; such a matter must be brought under § 2241. He voluntarily signed a contract under the IFRP, and any effort to change the terms of that contract must be made through § 2241.

In summary, challenges to BOP programs must be brought under § 2241 after all administrative remedies have been exhausted. Prisoners cannot use § 3664(k) as a vehicle for a court not in the district of incarceration to modify or

---

[1] *See Ihmound v. Jett*, 272 F. App'x 525 (7th Cir. 2008) ("The IFRP is a means of executing an inmate's sentence, and thus complaints about the BOP's administration of the program are cognizable under 28 U.S.C. § 2241."); *Matheny v. Morrison*, 307 F.3d 709, 712 (8th Cir. 2002) (holding that prisoners' challenges against an "IFRP payment schedule" are "correctly framed as § 2241 claims brought in the district where the sentence is being carried out").

suspend IRFP payments.[2] The order appealed from is VACATED, and this case is REMANDED with instruction to dismiss, without prejudice, for want of subject matter jurisdiction.

---

[2] To the extent that *United States v. Flemons*, 277 F. App'x 367 (5th Cir. 2008) (per curiam), can be read to the contrary, it is incorrect and, as an unpublished decision, is not binding precedent.