# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 7, 2010

Charles R. Fulbruge III
Clerk

No. 08-11169
Summary Calendar

RUSSELL KAEMMERLING,

Plaintiff-Appellant

v.

DAVID BERKEBILE,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:08-CV-714

Before REAVLEY, JOLLY, and OWEN, Circuit Judges.

PER CURIAM:[*]

Russell Kaemmerling, federal prisoner # 04899-017, was convicted in 2000 on 19 counts stemming from a wire fraud conspiracy. He was ordered to pay over five million dollars in restitution.

Kaemmerling sought relief in the district court under 28 U.S.C. § 2241, arguing that the Bureau of Prisons (BOP), through the Inmate Financial Responsibility Program (IFRP), violates 18 U.S.C. §§ 3572 and 3664 by usurping

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the core judicial function of setting the amount and schedule of restitution payments for the period of incarceration.  He asked the district court to enjoin the respondent from sanctioning him for nonparticipation in the IFRP and to invalidate 28 C.F.R. §§ 545.10, 545.11, and BOP Program Statement 5308.08, which he argued impermissibly usurped the statutory duties of the district court under the Mandatory Victims' Restitution Act in favor of the BOP. Kaemmerling repeats his arguments on appeal, contending that only the district court may establish a schedule of payments for restitution.  He argues that the district court here ordered restitution in the form of monthly installments of $150 that were not to begin until three months after Kaemmerling's commencement of supervised release, and that the court did not establish any schedule for payments during the course of his incarceration.  Kaemmerling reasons that the BOP's collection of funds from him through the IFRP is an impermissible exercise of judicial authority.

We find no merit in Kaemmerling's arguments.  Payment of restitution is ordinarily required to be made "immediately" unless the district court orders otherwise.  18 U.S.C. § 3572(d)(1).  Here, the district court, after determining the amount to be paid as restitution, ordered Kaemmerling to make restitution while incarcerated pursuant to the prison's IFRP.  It then ordered, as a condition of supervised release, that Kaemmerling continue his restitution in a specific amount on a monthly basis.  The district court did not expressly delegate anything to the BOP.  Instead, the district court's judgment determined the amount of restitution and ordered immediate payment; this action was not an unconstitutional delegation of judicial authority.  *See McGhee v. Clark*, 166 F.3d 884, 886 (7th Cir. 1999); *see also Bloch v. Lake*, 183 F. App'x 471 (5th Cir. 2006); *Schmidt v. U.S. Dep't of Justice*, 34 F. App'x 151 (5th Cir. 2002).  Because Kaemmerling fails to show a constitutional deprivation, the district court did not err by denying his § 2241 petition.

AFFIRMED.

2