# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 26, 2010

No. 09-20163
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

GRATINIANO TOVAR-VALENCIA, also known as Carlos Alberto Ramirez-Hurtado, also known as Daniel Gonzalez Velazquez, also known as Grati,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:97-CR-168-1

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Gratiniano Tovar-Valencia, federal prisoner #19844-034, appeals the district court's dismissal without prejudice of his 18 U.S.C. § 3572(d)(3) motion for modification of fine. For the following reasons, we AFFIRM the district court's dismissal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-20163

## FACTS AND PROCEEDINGS

In 1998, Tovar-Valencia pleaded guilty to conspiracy to possess with intent to distribute cocaine and conspiracy to commit money laundering. The district court sentenced him to life imprisonment on the drug charge and to a concurrent 240-month term on the money laundering charge. The court also imposed a fine of $25,000, to be paid "in full immediately." Tovar-Valencia began paying his fine in installments under the Federal Bureau of Prisons's Inmate Financial Responsibility Program ("IFRP").

This court dismissed Tovar-Valencia's direct appeal as frivolous after granting his counsel's *Anders* motion.[1] The district court dismissed Tovar-Valencia's first 28 U.S.C. § 2255 motion for lack of merit; this court denied a COA and later denied leave to file a second or successive § 2255 motion.

The instant appeal is the latest in a series of challenges Tovar-Valencia has mounted against his fine and the manner in which he is paying it. His motion asked the district court to remit or modify the fine pursuant to 18 U.S.C. § 3572(d)(3).[2] In the motion, Tovar-Valencia contests the Bureau of Prisons's use of the IFRP to facilitate the payment of fines that are due "in full immediately." He argues that, pursuant to 18 U.S.C. § 3612(e), his failure to pay the fine immediately put him in default, which should have triggered the collection

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

[2] Section 3572(d)(3) provides as follows:

> A judgment for a fine which permits payments in installments shall include a requirement that the defendant will notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay the fine. Upon receipt of such notice the court may, on its own motion or the motion of any party, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

No. 09-20163

procedures outlined in 18 U.S.C. §§ 3612, 3613, and 3613A.  The government's failure to adhere to these procedures, he asserts, violates the Fifth Amendment and forfeits its ability to collect the balance of the fine.  Claiming that new economic circumstances—including his alleged dismissal from a prison job due to his immigration status—affect his ability to continue paying his fine, Tovar-Valencia asked the district court to set a new payment schedule or remit the remainder of the fine.  He also asserted that he may attempt to recover the amount he has already paid the government as illegally collected.

The district court dismissed Tovar-Valencia's motion, without prejudice, for lack of jurisdiction.  It reasoned that the motion was a collateral attack on the criminal judgment and should be treated as another successive § 2255 petition.  The court denied Tovar-Valencia's Rule 59 motion to alter or amend the judgment, and this appeal followed.

## DISCUSSION

Tovar-Valencia's fine is not of the type for which § 3572(d)(3) authorizes relief.  He does not challenge a "judgment for a fine which permits payments in installments" as required under  § 3572(d)(3)—the district court did not make Tovar-Valencia's fine payable in installments.  *See, e.g.*, *United States v. Wynn*, 328 F. App'x 826, 828 (3d Cir. 2009) (unpublished).  His motion is more accurately characterized as a challenge to the validity of his IFRP payment plan—in other words, a challenge to the manner in which his sentence is being executed, rather than a "claim[] relating to unlawful custody" cognizable under 28 U.S.C. § 2255.  *See United States v. Segler*, 37 F.3d 1131, 1137 (5th Cir. 1994).  In *Segler*, this court explained that § 2255 was reserved for claims relating to

No. 09-20163

unlawful custody and could not serve as the vehicle to challenge the imposition of a fine. *Id.* at 1137-38.

A properly stated claim of the sort Tovar-Valencia seeks to make requires exhaustion of administrative remedies and must then be asserted, pursuant to 28 U.S.C. § 2241, in the district court in the district where he is incarcerated. *See United States v. Diggs*, 578 F.3d 318, 319-20 (5th Cir. 2009). In *Diggs*, a restitution case raising an analogous issue, we stressed that "[p]risoners cannot use [18 U.S.C.] § 3664(k)"—the equivalent of § 3572(d)(3) in the restitution context—"as a vehicle for a court not in the district of incarceration to modify or suspend IFRP payments." *Id.* at 320.

This court can affirm the judgment of the district court on any basis supported by the record. *Bickford v. Int'l Speedway Corp.*, 654 F.2d 1028, 1031 (5th Cir. 1981). Although the district court incorrectly premised its dismissal on the bar against second or successive § 2255 petitions, that dismissal was nonetheless the proper result.

## CONCLUSION

The district court's dismissal without prejudice is AFFIRMED.