# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 10, 2012

No. 11-40924
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

            Plaintiff-Appellee,

versus

CARLOS ALBERTO CABRERA-RUIZ,

            Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 2:10-CV-312

Before DAVIS, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

  Carlos Cabrera-Ruiz, federal prisoner # 42790-279, pleaded guilty to one count of conspiracy to transport aliens resulting in the deaths of aliens. The

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court sentenced him to 108 months, above the guidelines range of 78 to 97 months, and ordered restitution of $103,915.35 to be paid in monthly installments of $430. Cabrera-Ruiz appealed his sentence, arguing that it was unreasonable on several grounds, and this court affirmed.

Cabrera-Ruiz then filed a 28 U.S.C. § 2255 motion in which he argued that counsel rendered ineffective assistance at sentencing and on appeal by failing to argue that the application of enhancements under U.S.S.G. § 2L1.1(b)(6) and (7)(D) resulted in impermissible double-counting. Cabrera-Ruiz also set forth a stand-alone challenge, raising the same double-counting argument and further asserting that his sentence was unreasonable in light of the double-counting, his lack of prior convictions, and his acceptance of responsibility. While the § 2255 motion was pending, Cabrera-Ruiz separately filed a motion asking the court to modify the restitution schedule set by the Bureau of Prisons ("BOP") under the Inmate Financial Responsibility Program ("IFRP").

The district court dismissed the motion on the basis that Cabrera-Ruiz had not satisfied 18 U.S.C. § 3664(k). Cabrera-Ruiz later filed a second motion seeking the same relief.

In a single memorandum opinion and order, the district court denied the § 2255 motion, concluding that counsel did not render ineffective assistance, and dismissed the second motion to modify the payment schedule for the same reasons it had dismissed the first one. Cabrera-Ruiz seeks a certificate of appealability ("COA") from this court to appeal the judgment, making the same arguments he made in the district court.

As a threshold matter, Cabrera-Ruiz does not need a COA to appeal the denial of the motion to modify the payment schedule; a COA is required only for appeals in proceedings brought under §§ 2254 and 2255. *See Ojo v. INS*, 106 F.3d 680, 681 (5th Cir. 1997). With respect to the merits of this claim, although the district court cited noncompliance with § 3664(k) as a basis for dismissal, the court lacked jurisdiction under that provision to consider a request to modify an

IFRP payment schedule. *See United States v. Diggs*, 578 F.3d 318, 319-20 (5th Cir. 2009). The IFRP is administered by the BOP, and any challenge must be made via a 28 U.S.C. § 2241 petition in the district where the prisoner is incarcerated (in this case, the Southern District of Mississippi) after he has exhausted administrative remedies. *See id.* at 319-20. Accordingly, we AFFIRM the dismissal, albeit on different grounds.

To obtain a COA to appeal the dismissal of his § 2255 motion, Cabrera-Ruiz must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To meet that standard, he must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (internal quotation marks and citation omitted). Cabrera-Ruiz has failed to meet that standard. Therefore, we DENY a COA. We also DENY Cabrera-Ruiz's request to proceed *in forma pauperis* on appeal.