# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 22, 2012

No. 11-11090

Lyle W. Cayce
Clerk

JOYCE HICKMAN,

Petitioner-Appellant

v.

WARDEN JOE KEFFER

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CV-572

No. 11-30793

ZACK ZEMBLIEST SMITH, III,

Petitioner-Appellant

v.

MARINA MEDINA,

Respondent-Appellee

No. 11-11090
No. 11-30793

—————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:11-CV-541

—————————

Before JONES, WIENER and GRAVES, Circuit Judges.

EDITH H. JONES, Judge:* **

This opinion consolidates two similar cases. Petitioners-Appellants Joyce Hickman ("Hickman") and Zack Zembliest Smith ("Smith") are both currently serving sentences in federal prison, and both were ordered to pay restitution. Each argued in a § 2241 habeas petition that the Bureau of Prisons ("BOP") schedule governing their restitution payments via the Inmate Financial Responsibility Program ("IFRP") conflicts with the district courts' sentencing instructions in their judgments. From the district courts' judgments of dismissal, Hickman and Smith appealed. For the reasons below, we AFFIRM the decisions of the district courts.

A. HICKMAN

Hickman was convicted of 32 counts of health care fraud. *United States v. Hickman*, 331 F.3d 439, 441 (5th Cir. 2003). She was sentenced to two concurrent 120-month terms of imprisonment and one consecutive 90-month term of imprisonment. *Id.* She was also ordered to pay restitution in the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

** Judge Wiener concurs in the judgment only.

2

No. 11-11090
No. 11-30793

amount of $9,348,654.49, "for each case, to run concurrently." *Id.* Following appeal and resentencing, Hickman received a term of 210 months of imprisonment and an order of restitution reduced to $9,048,654.49.

In December 2010, Hickman filed the first in a series of petitions pursuant to 28 U.S.C. § 2241, born of her frustration with alleged bureaucratic bungling and inconsistency in handling her ongoing restitution payments. Hickman asserts that she made timely periodic payments under an IFRP for nine years before she realized they were not required during imprisonment by the court's judgment.

In August 2011, Hickman filed the procedurally correct § 2241 petition under review here, contending that the sentencing court's judgment did not stipulate that her restitution was due immediately, but rather that it was payable 60 days following her release from prison, in monthly installments of $1,000.[1]

The district court rejected Hickman's argument because nothing in the "special instructions" section of the judgment restricted her making restitution payments while incarcerated.

B.  SMITH

In 1994, Smith was convicted of three counts of robbery and three counts of using and carrying a firearm during a crime of violence. *See United States v. Smith*, 66 F.3d 319, 1995 WL 534713 at *1 (5th Cir. 1995) (unpublished). He was sentenced to 66 years and 10 months of imprisonment and ordered to pay

---

[1] Hickman plainly stated that she was not challenging the constitutionality of the IFRP itself, but she was challenging only how it was applied to her case specifically.

No. 11-11090
No. 11-30793

$22,937.12 in restitution.  On direct appeal, this court affirmed his convictions and sentences.  *See Smith*, 66 F.3d 319, 1995 WL 534713 at *3.

In 2007, Smith filed a pro se "Motion for Clarification of Restitution and Judgment," which asked the district court to clarify its judgment and to inform the BOP that he was not required to make restitution payments until his release.  *See United States v. Smith*, 314 F. App'x 749 (5th Cir. 2009).  This motion ultimately foundered for lack of a jurisdictional basis.  See *id.*

In April 2011, Smith filed the instant § 2241 petition and argued that, consistent with former 18 U.S.C. § 3663(g),[2] when the sentencing court delegated its authority to determine a restitution payment plan to the Probation Office, its decision effectively deferred any restitution payments until after he is released from prison.  Smith's argument rested on the original judgment's instruction to set a restitution payment schedule and the sentencing court's statements that it intended for Smith to begin paying restitution upon his release from prison.  Accordingly, Smith argued, BOP was not authorized to collect payments while he is incarcerated.[3]

The magistrate judge responded in pertinent part by characterizing Smith's claim that he should not have to begin paying restitution until his release from prison as an "illogical interpretation" of the judgment, given that Smith will be 98 years old by the time of his expected release.  Further, the magistrate judge observed,  BOP has the authority to create financial plans for

---

[2] Subsection (g) was struck as part of a 1996 amendment of § 3663.  *See* § 3663 (Amendments).

[3] Like Hickman, Smith emphasized that he was relying on the original judgment of the district court, not challenging it; he was not challenging the legality or constitutionality of the IFRP itself, but the way in which BOP was applying it to him.

4

No. 11-11090
No. 11-30793

inmates through the IFRP and to impose penalties for noncompliance, without violating 18 U.S.C. § 3572 or 18 U.S.C. § 3664. The magistrate judge recommended that Smith's petition be denied and dismissed with prejudice. The district court adopted the magistrate judge's report and dismissed the petition with prejudice.

**DISCUSSION**

A challenge to a restitution payment schedule set by BOP is properly raised in a § 2241 habeas petition because it is a challenge to a BOP administrative program and not to any action by the district court. *See United States v. Diggs*, 578 F.3d 318, 319-20 (5th Cir. 2009). In an appeal from the denial of habeas relief, this court reviews the district court's factual findings for clear error and issues of law *de novo*. *Jeffers v. Chandler*, 253 F.3e 827, 830 (5th Cir. 2001).

Although the principal issue in each of these cases is the same, their differing facts require slightly different analyses. Our objective is to determine whether the appellants' payment plans under the IFRP comport with the judgments of the sentencing courts.

Hickman's judgment includes a "Schedule of Payments" page and form, line A of which (payable "immediately") reflects an amount that corresponds to her special assessment, and line D of which ordered monthly $1,000 installment payments for 34 months, commencing 60 days after her release from prison. There follows a paragraph stating:

> Unless the court has expressly ordered otherwise,...if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All monetary payments, except those payments made through the

5

No. 11-11090
No. 11-30793

Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court . . . .

On its face, there is no necessary inconsistency between line D, the payment schedule following Hickman's release, and the apparently standard paragraph requiring payments to be made during imprisonment "unless expressly ordered otherwise." Nothing in the Schedule orders otherwise, certainly not expressly. Further, the reference to the IFRP contemplates a payment program during incarceration. A reasonable interpretation of these provisions as mandating payments during Hickman's term in prison is reinforced by the fact that she cannot repay the ordered sum of restitution solely from the post-imprisonment scheduled payments. Finally, this interpretation is consistent with 18 U.S.C. § 3572(d)(1), which requires restitution payments to be made "immediately" unless "in the interest of justice, the court provides for payment on a date certain or in installments." "Immediate" payment orders have been construed to authorize BOP to place inmates in the IFRP to facilitate payment, notwithstanding that their judgments also provided for post-imprisonment installments. *See, e.g.*, *Matheny v. Morrison*, 307 F.3d 709, 711-12 (8th Cir. 2002); *McGhee v. Clark*, 166 F.3d 884, 886 (7th Cir. 1999). The BOP did not run afoul of the district court's sentencing order by placing Hickman in the IFRP.

Smith's restitution order provides for installment payments "to be determined by the Probation Office." Smith interprets this instruction as tantamount to an order deferring any restitution payments until after his release from prison. The judgment does not require payments to be made "immediately", nor does it require payments during his incarceration.

6

No. 11-11090
No. 11-30793

Nevertheless, the background rule, 18 U.S.C. § 3572(d)(1), requires "immediate" payment of fines and monetary penalties unless, "in the interest of justice,  the court provides for payment . . . in installments." Although installment payments are authorized here, there is no indication that they were ordered "in the interest of justice," to begin only following the end of Smith's prison term--in 2060 A.D.  Because it would be the opposite of "justice" so to construe the judgment, we cannot conclude that the district court intended to defer Smith's restitution obligation while he serves his lengthy term.  Thus, pursuant to the above-cited authorities, the BOP had the authority to foster payment of Smith's restitution through the IFRP.

For these reasons, the judgments of the district courts denying § 2241 relief are **AFFIRMED**.