# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 26, 2013

Lyle W. Cayce
Clerk

No. 12-60699
Summary Calendar

WENDEL ROBERT WARDELL, JR.,

Petitioner-Appellant

v.

ARCHIE LONGLEY, Warden,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:12-CV-39

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Wendel Robert Wardell, Jr., federal prisoner # 32096-013, was convicted in May 2005 following a jury trial of conspiracy to defraud the United States, false statements in tax returns, and aiding and abetting the preparation and presentation of false tax returns and was sentenced to a 96-month term of imprisonment, a total three-year term of supervised release, an $1,800 special assessment, $14,444 in restitution, and $7,394.89 in court costs. In December 2005, Wardell was convicted following a jury trial of conspiracy to retaliate

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

against a witness and retaliation against a witness and aiding and abetting and was sentenced to a 115-month term of imprisonment, a total three-year term of supervised release, and $1,041 in restitution. Wardell appeals the district court's denial of his 28 U.S.C. § 2241 habeas corpus petition in which he alleged that (1) he was being forced to pay 50 percent of his monthly prison wages toward the payment of restitution through the Inmate Financial Responsibility Program (IFRP) in accordance with the Mandatory Victim Restitution Act, 18 U.S.C. §§ 3663A, 3664; (2) only the district court had the authority to set a restitution payment schedule; (3) the authority could not be delegated to the Bureau of Prisons (BOP); and (4) because the district court did not set a payment schedule, he was under no obligation to follow the BOP's forced payment scheme. Wardell reasserts these arguments in this court.

A challenge to a restitution payment schedule set by the BOP pursuant to the IFRP is properly raised in a § 2241 petition because it is a challenge to a BOP administrative program and not to any action by the district court. *See United States v. Diggs*, 578 F.3d 318, 319-20 & n.1 (5th Cir. 2009). In an appeal from the denial of habeas relief, we review the district court's factual findings for clear error and issues of law de novo. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

The district court's restitution orders required that restitution was to be paid "immediately" and thus were in accord with 18 U.S.C. § 3572(d)(1), which requires immediate payment of monetary penalties, including restitution, unless, "in the interest of justice, the court provides for payment . . . in installments." "'Immediate' payment orders have been construed to authorize BOP to place inmates in the IFRP to facilitate payment, notwithstanding that their judgments also provided for post-imprisonment installments." *Hickman v. Keffer,* 498 F. App'x 375, 378-79 (5th Cir. 2012). The BOP did not violate the district court's restitution orders by placing Wardell in the IFRP, and the restitution orders, which determined the amount of restitution and ordered

immediate payment, did not constitute "an unconstitutional delegation of judicial authority." *Kaemmerling v. Berkebile*, 359 F. App'x 545, 546-47 (5th Cir. 2010).

To the extent that Wardell argues that the district court erred in requiring that he demonstrate a constitutional violation because § 2241 was the appropriate vehicle for his challenge, he is correct that § 2241 was the appropriate vehicle. *See Diggs*, 578 F.3d at 319-20 & n.1. However, Wardell was not entitled to federal habeas relief unless he demonstrated that he was deprived of some right secured to him by the laws of the United States or by the United States Constitution, a showing he did not make. *See Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000).

Wardell argues, for the first time on appeal, that the sentencing court in imposing restitution erred in failing to consider his ability to pay. We will not consider Wardell's newly raised claim. *See Wilson v. Roy*, 643 F.3d 433, 435 n.1 (5th Cir. 2011), *cert. denied*, 132 S. Ct. 1062 (2012).

AFFIRMED.