# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 19, 2013

Lyle W. Cayce
Clerk

No. 13-10054
Summary Calendar

MONTY M. SHELTON,

Petitioner-Appellant

v.

RODNEY W. CHANDLER, Warden, F.C.I. Fort Worth,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CV-370

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

In 2004, Monty M. Shelton, federal prisoner # 10426-078, was convicted by a jury of one count of possession with intent to distribute 500 grams or more of methamphetamine and two counts of receipt of a firearm while under indictment. His sentence included the imposition of a fine, which the order said was to be paid immediately and to be collected by the Bureau of Prisons through the Inmate Financial Responsibility Program ("IFRP").

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In 2012, Shelton filed a 28 U.S.C. § 2241 petition. He alleged that (1) Bureau of Prison officials improperly considered community resources as income for IFRP purposes, (2) these officials coerced inmates to persuade friends and family to send money to their inmate trust fund accounts so the inmates will not be sanctioned for failing to comply with the IFRP, and (3) Bureau of Prison officials forced Shelton to participate in the IFRP as part of his rehabilitation, which is unconstitutional in light of *Tapia v. United States*, 131 S. Ct. 2382 (2011). Shelton also filed a motion for a temporary restraining order. The district court denied the motion and also denied Shelton's Section 2241 petition. Shelton then filed a motion pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend the judgment of conviction and sentence, arguing that the Bureau of Prisons did not have the authority to increase the amount of his payments through the IFRP. The district court denied this motion.

Shelton's sole argument on appeal is that the Bureau of Prisons does not have the authority to "unilaterally accelerate or increase" the payments he is required to make through the IFRP after the completion of the initial evaluation and contract. He made other claims in the district court. Although pro se briefs are afforded liberal construction, even pro se litigants must brief arguments in order to preserve them. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Therefore, claims Shelton made in the district court that are not presented in his appellate brefing are abandoned and will not be discussed. *See id.*; *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

A challenge to a fine payment schedule set by the Bureau of Prisons pursuant to the IFRP is properly raised in a Section 2241 petition because it is a challenge to an administrative program at the prison and not to any action by the district court. *See United States v. Diggs*, 578 F.3d 318, 319-20 & n.1 (5th Cir. 2009) (restitution case). In an appeal from the denial of habeas relief, this court reviews the district court's factual findings for clear error and issues of law de novo. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). We review the

denial of Rule 59(e) motion in a Section 2254 case for abuse of discretion; a notice of appeal from the denial of a timely Rule 59(e) motion brings the underlying judgment up for review. *Martinez v. Johnson*, 104 F.3d 769, 771 (5th Cir. 1997).

In an unpublished opinion that we conclude is correct, a panel of this court held that mandatory participation in the IFRP "does not violate any constitutional right as such participation is reasonably related to a legitimate penological interest in encouraging inmates to rehabilitate themselves by developing a sense of financial responsibility." *Acevedo v. Franco*, 69 F.3d 535 (5th Cir. 1995) (unpublished). Further, we agree that regulations governing the IFRP allow prison officials to accelerate IFRP payments and consider funds from outside the prison as available resources. *See Mitchell v. United States*, 211 F.3d 125 (5th Cir. 2000) (unpublished opinion reaching the same conclusion); 28 C.F.R. § 545.11(b)-(c); 5TH CIR. R. 47.5.4.

The district court did not err in denying Shelton relief.

AFFIRMED.