# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-11417
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 15, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESSE GUZMAN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:07-CR-35-1

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jesse Guzman, federal prisoner # 01991-051, appeals the denial of his motion for modification of his restitution order and payment plan under 18 U.S.C. § 3664(k). The district court gave no reasons for its decision. We affirm in part and vacate and remand in part.

To the extent Guzman's motion may be liberally construed as a challenge to the district court's existing restitution order, rather than as a challenge to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the payment plan created by the Bureau of Prisons under the Inmate Financial Responsibility Program (IFRP), Guzman properly invoked § 3664(k). *See United States v. Diggs*, 578 F.3d 318, 319-20 (5th Cir. 2009). But his cryptic assertions provide no discernible basis for relief. The judgment is AFFIRMED IN PART as it pertains to any claims concerning the district court's existing restitution order under § 3664(k).

In all other respects, Guzman seeks modification of the IFRP plan. He must seek this relief under 28 U.S.C. § 2241 in the district of incarceration after exhausting all administrative remedies. *See Diggs*, 578 F.3d at 319-20. Guzman sought relief in the correct district. But the district court did not consider his request under § 2241. Moreover, there is no evidence concerning exhaustion, and the Government has not had an opportunity to address Guzman's request. We therefore VACATE AND REMAND IN PART so that the district court can consider Guzman's request under § 2241 and determine whether he has exhausted his administrative remedies.

The judgment is AFFIRMED IN PART and VACATED AND REMANDED IN PART.