**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 2, 2015[*]
Decided September 8, 2015

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

| | |
|---|---|
| No. 15-1189 | |
| | Appeal from the United States District |
| UNITED STATES OF AMERICA, | Court for the Southern District of Indiana, |
| *Plaintiff-Appellee,* | Terre Haute Division. |
| | |
| *v.* | No. 2:12CR00010-001 |
| | |
| RODNEY L. DAVIS, | Jane Magnus-Stinson, |
| *Defendant-Appellant.* | *Judge.* |

**O R D E R**

Rodney Davis, an inmate housed at the Federal Correctional Institution in Butner, North Carolina, appeals the denial of his postjudgment motion challenging the Bureau of Prisons' collection of his restitution payments through the Inmate Financial Responsibility Program ("IFRP"). The district court ruled that Davis should have disputed the payment collections by first exhausting his administrative remedies and then filing a petition under 28 U.S.C. § 2241 in his district of incarceration. We affirm.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Davis was convicted in 2013 in the Southern District of Indiana of possessing and distributing child pornography, 18 U.S.C. § 2252(a)(2), (a)(4)(B), sentenced to 292 months' imprisonment, and ordered to pay both an assessment of $1,100 and restitution of $16,000, with "[p]ayment to begin immediately," *see* 18 U.S.C. § 3572(d)(1). The judgment states that "payment of criminal monetary penalties is due during imprisonment." We later dismissed his appeal at his request. *See* FED. R. APP. P. 42(b).

Nearly a year later, Davis filed in the district court a self-styled "Motion to Defer Fine/Restitution Payments until the Time of Supervised Release." Davis asserted that the BOP had usurped the district court's power to schedule a payment plan by drawing funds from his trust account and threatening to take away privileges if he did not make funds available. As a "poor inmate with little to no means of meeting this financial obligation while he is incarcerated," Davis asked the district court to place him on "no obligation status" and stop the BOP from collecting any payments until his release from custody.

The district court denied Davis's motion, explaining that the BOP has the authority to collect payments through the IFRP during imprisonment, *see United States v. Sawyer*, 521 F.3d 792, 795–96 (7th Cir. 2008); *McGhee v. Clark*, 166 F.3d 884, 886 (7th Cir. 1999), and to remove certain privileges if an inmate refuses to comply with his payment plan under the IFRP, *see United States v. Boyd*, 608 F.3d 331, 334 (7th Cir. 2010); 28 C.F.R. § 545.11(d). If Davis wants to challenge his payment plan, the court added, he must exhaust administrative remedies and may then file a petition under 28 U.S.C. § 2241 in the district of incarceration. *See United States v. Diggs*, 578 F.3d 318, 319–20 (5th Cir. 2009).

On appeal Davis maintains that the district court improperly delegated the scheduling and collection of restitution payments to the BOP. But the district court did not expressly delegate anything to the BOP. Instead, the court determined the restitution amount and ordered immediate payment. This is consistent with 18 U.S.C. § 3572(d)(1), which requires payment of restitution to be made "immediately" unless the court orders otherwise. As the district court explained, Davis may challenge the payment schedule set by the BOP by raising it in a § 2241 petition in the district of his confinement. *See* 28 U.S.C. § 2241(a), (d); *McGee v. Martinez*, 627 F.3d 933, 936–37 (3d Cir. 2010); *Diggs*, 578 F.3d at 319–20; *Matheny v. Morrison*, 307 F.3d 709, 711–12 (8th Cir. 2003).

AFFIRMED.