# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10580
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
October 22, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESSE GUZMAN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:07-CR-35-1

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Jesse Guzman appeals the denial of his request to modify a restitution order under 18 U.S.C. § 3664(k) based on medical and financial hardship. When Guzman's cryptic contentions are liberally construed, he appears to challenge both the district court's original restitution order, which was part of his 2007 sentence for bank robbery and making false threats, and his

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10580

restitution payment plan under the Inmate Financial Responsibility Program (IFRP) administered by the Bureau of Prisons (BOP).

In an earlier appeal, we explained that Guzman can challenge the IFRP plan only in a petition under 28 U.S.C. § 2241 after exhausting administrative remedies. *United States v. Guzman*, 560 F. App'x 426, 427 (5th Cir. 2014) (citing *United States v. Diggs*, 578 F.3d 318, 319-20 (5th Cir. 2009)). We also explained that § 3664(k) allows a challenge to the district court's original restitution order but not to the IFRP plan. *Id.* The district court did not acknowledge that the BOP's authority to administer an IFRP plan is not absolute but can be challenged under § 2241, and it did not acknowledge that § 3664(k) permits a court to adjust a restitution "*payment schedule . . . as the interests of justice require.*" § 3664(k) (emphasis added). Regardless, we may affirm the judgment on any ground apparent from the record. *See Ballard v. Burton*, 444 F.3d 391, 401-02 (5th Cir. 2006); *Bramblett v. Comm'r of Internal Revenue*, 960 F.2d 526, 530 (5th Cir. 1992).

Instead of filing a proper § 2241 petition and asserting that he exhausted BOP remedies, Guzman filed the same sort of vague, anomalous motion for relief that we previously rebuffed. In the present appeal, he fails to mention § 2241 or to assert that he has exhausted administrative remedies. He has thus failed to show that he is entitled to any modification of the IFRP plan under § 2241.

In addition, Guzman fails to articulate any basis for relief under § 3664(k). He argues about his inability to work in prison, but he does not request any specific relief from the original judgment, which orders him to pay $100 per month while on supervised release.

Guzman has shown no entitlement to relief under § 2241, § 3664, or any other statute. Thus, the judgment is AFFIRMED.