# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 5, 2024

Lyle W. Cayce
Clerk

—————————

No. 23-20209

—————————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JULIA ANN POFF,

*Defendant—Appellant*.

———————————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CR-669-1

———————————————————————————

Before DAVIS, SMITH, and HAYNES, *Circuit Judges*.

PER CURIAM:[*]

Defendant Julia Ann Poff appeals the district court's orders denying her restitution- and compassionate-release-based motions. For the reasons that follow, we AFFIRM the order denying her restitution-based motions and VACATE and REMAND the order denying her compassionate-release-based motion for lack of jurisdiction.

———————————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-20209

## I.     Background

Julia Ann Poff was indicted on several charges after mailing explosive devices to President Barack Obama, Texas Governor Greg Abbott, and Social Security Commissioner Carolyn Colvin. Pursuant to a plea agreement, she pleaded guilty to one count of transporting explosives with the intent to kill, injure, or intimidate, in violation of 18 U.S.C. § 844(d). The district court sentenced Poff to 120 months' imprisonment and three years of supervised release. It also ordered her to pay a $100 fine and $9,700 in restitution for fraud on the Supplemental Nutrition Assistance Program.[1]

Poff has unsuccessfully requested that the district court stay or modify her restitution obligations on multiple occasions. The district court dismissed for lack of jurisdiction her most recent restitution challenge, citing *United States v. Diggs*, 578 F.3d 318, 319 (5th Cir. 2009). Poff moved for reconsideration on the basis that the district court misconstrued her motion as a challenge to her payment schedule imposed by the Bureau of Prison's ("BOP") Inmate Financial Responsibility Program ("IFRP"), as opposed to a motion pursuant to 18 U.S.C. § 3664(k). The district court denied the motion for reconsideration, stating: "Defendant shows no meritorious grounds for the requested stay."

Poff has also filed multiple unsuccessful motions for compassionate release pursuant to 18 U.S.C. § 3582. The district court dismissed the most recent attempt on the basis that Poff's appeal of a 28 U.S.C. § 2255 motion was pending before us and that therefore the district court lacked jurisdiction over her conviction and sentence. Poff timely appealed that order (which

---

[1] In addition to several other charges, the second superseding indictment charged Poff with Supplemental Nutrition Assistance Program fraud. Although the government agreed to dismiss that charge pursuant to the plea agreement, Poff in turn "agree[d] to pay full restitution to the victim(s) regardless of the count(s) of conviction."

also included the district court's ruling on her motion for reconsideration of her motion to stay restitution). In the interim, however, the district court issued an amended order withdrawing its denial of Poff's compassionate release motion for lack of jurisdiction and issuing a denial on the merits.

## II.    Discussion

### A. Restitution

Poff argues that the district court erred by dismissing for lack of jurisdiction her motion to stay restitution and further argues that the motion should have been granted on the merits. The government responds that, to the extent Poff's motion challenged her payment obligations imposed by the BOP's IFRP, the district court lacked jurisdiction. But to the extent Poff moved under 18 U.S.C. § 3664(k) to modify the restitution schedule imposed by *the district court*, the government posits that the district court had jurisdiction to consider her motion but properly denied it on the merits.

We agree that the district court lacked jurisdiction to address a challenge to Poff's obligations under the BOP's IFRP because such motions "must be filed under 28 U.S.C. § 2241 and in the district of incarceration" after exhausting administrative remedies. *Diggs*, 578 F.3d at 319–20. Poff does not dispute that she has failed to meet those requirements.

Instead, she contends that her motion should be construed as a § 3664(k) motion. Under § 3664(k), we may, inter alia, adjust *a district court's* restitution schedule after being notified of a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." 18 U.S.C. § 3664(k). But "[p]risoners cannot use § 3664(k) as a vehicle for a court not in the district of incarceration to modify or suspend IFRP payments." *Diggs*, 578 F.3d at 320.

Even construing Poff's motion liberally, we conclude that she is not seeking an adjustment to the district court's restitution schedule, which requires her to pay $25 per quarter.  In her motion to stay restitution, she asserts that "[s]ince arriving at FMC Carswell, [she] has participated in the FRP program.  Whatever money is in her account when they take it is what they take, depleting her account."  In her appellate brief, she states that she "was ordered by the District Court to pay $25.00 a quarter" but that "[a]t the time [she] filed the original motion the BOP was attempting to make her pay $282 a month, which was completely unreasonable."  She further states in her reply brief that "[a]t the time the original motion was filed the BOP was trying to force [her] and her family to pay '$1000 a quarter,'" and that "[i]f the Bureau of Prisons would acknowledge the criminal judgment of '$25.00 a quarter,' then the remaining time she has left it would be ok, but they refuse to."  Because Poff explicitly states that she could comply with the district court's restitution schedule and is clearly challenging the BOP's administration of the IFRP, she has not presented a basis for relief under § 3664(k).[2]  *See id.* at 319–20.  Accordingly, we affirm the district court's dismissal of her restitution-based motions.

## B. Compassionate Release

Poff contends that the district court retained jurisdiction to decide her compassionate release motion because she had not yet obtained a certificate of appealability ("COA") for her 28 U.S.C. § 2255 motion.  The government agrees and asks us to remand so that the district court may rule on the merits of Poff's compassionate release motion.  But after the parties filed their principal briefs in this appeal, and before Poff filed her reply brief, the district

---

[2] To the extent Poff otherwise challenges the validity of the district court's restitution order, § 3664(k) is not a proper vehicle for such challenges.

court withdrew its order denying compassionate release for want of jurisdiction and entered an amended order denying the motion on the merits.

We first address whether the district court correctly denied Poff's compassionate release motion for lack of jurisdiction. Generally, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam). But 28 U.S.C. § 2253(c)(1) provides that for certain habeas corpus proceedings and proceedings under § 2255, "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals." The COA in those situations is therefore a "jurisdictional prerequisite," without which "federal courts of appeals lack jurisdiction to rule on the merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

We had not granted Poff a COA on her § 2255 motion when the district court denied her compassionate release motion for want of jurisdiction. In fact, we ultimately denied Poff's request for a COA. Accordingly, the district court had jurisdiction to decide her compassionate release motion, even though it initially concluded otherwise. The district court seems to have recognized that, as evidenced by its conduct thereafter: filing an amended order but then acknowledging that the case was before us, so the district court lacked jurisdiction at that point. Thus, the court held that ruling pending our decision. We therefore vacate the district court's compassionate-release-based original order about lacking jurisdiction and

No. 23-20209

remand so that the district court may exercise jurisdiction and enter an order on the merits of Poff's compassionate release motion.[3]

### III.    Conclusion

For the reasons stated above, we AFFIRM the district court's order denying Poff's restitution-based motions and VACATE and REMAND the district court's compassionate-release-based order as explained above.

_____

[3] We note that after the parties had filed their appellate briefs, Poff filed a letter providing notice of an address change and indicating that she has been "released by the Bureau of Prisons" and relocated to the "Liedel Sanction Center," a residential reentry center. The Federal Bureau of Prisons' website, however, lists Poff's release date as "May 18, 2025." Neither party contends that Poff's alleged relocation affects her motion, and we do not take a position on whether it does or not.