**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-7607**

———————

JEREMY FONTANEZ,

        Petitioner - Appellant,

    v.

TERRY O'BRIEN, Warden,

        Respondent - Appellee.

———————

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  Frederick P. Stamp, Jr., Senior District Judge.  (5:14-cv-00077-FPS-JSK)

———————

Argued:  October 27, 2015       Decided:  December 2, 2015

———————

Before MOTZ, GREGORY, and HARRIS, Circuit Judges.

———————

Reversed and remanded by published opinion.  Judge Harris wrote the opinion, in which Judge Motz and Judge Gregory joined.

———————

**ARGUED**:  Adam H. Farra, SIDLEY AUSTIN LLP, Washington, D.C., for Appellant.   Tara  Noel  Tighe,  OFFICE  OF  THE  UNITED  STATES ATTORNEY, Wheeling, West Virginia, for Appellee.  **ON BRIEF**: Jonathan  F.  Cohn,  SIDLEY  AUSTIN  LLP,  Washington,  D.C.,  for Appellant.   William J. Ihlenfeld, II, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

———————

PAMELA HARRIS, Circuit Judge:

Jeremy Fontanez, a federal inmate, filed a habeas corpus petition under 28 U.S.C. § 2241 seeking release from the obligation to make restitution payments through the Bureau of Prisons' Inmate Financial Responsibility Program. The district court found that Fontanez's claim was not cognizable under 28 U.S.C. § 2241 and dismissed the case. We disagree. Accordingly, we reverse the district court's order and remand the case for proceedings on the merits.

## I.

### A.

In 2004, Jeremy Fontanez pleaded guilty to his involvement in a series of armed robberies and was sentenced to 420 months in prison in the Eastern District of Pennsylvania. The sentencing court imposed restitution in the amount of $27,972.61. It provided the following special instructions in the "schedule of payments" section of the sentencing order:

> Defendant shall make restitution payments from any wages he may earn in prison in accordance with the Inmate Financial Responsibility Program. Restitution shall be due immediately.

J.A. 167.

The Inmate Financial Responsibility Program ("IFRP") is a Bureau of Prisons ("BOP") program that enables prisoners to make

2

scheduled payments from their inmate accounts toward court-ordered financial obligations. See 28 C.F.R. § 545.10–11. Prison staff assist inmates in developing financial plans, which are subject to periodic review. Id. As the parties in this case agree, the IFRP is voluntary; the BOP cannot compel an inmate to make payments. See United States v. Boyd, 608 F.3d 331, 334 (7th Cir. 2010). But inmates with financial obligations who refuse to participate in the IFRP may no longer be eligible for many privileges, including more desirable housing and work outside the prison. 28 C.F.R. § 545.11(d).

In April 2013, Fontanez was moved to the United States Penitentiary – Hazelton ("USP Hazelton") in Bruceton Mills, West Virginia. He signed an Inmate Financial Plan, agreeing to pay $25 each quarter toward his court-ordered financial obligations through the IFRP. About one year later, however, Fontanez filed a written request to be released from the IFRP.

In the request, Fontanez argued that the BOP's requirement that he make IFRP payments violated the Mandatory Victims Restitution Act of 1996 ("MVRA"). The MVRA obligates a district court to "specify in [a] restitution order the manner in which, and the schedule according to which, the restitution is to be paid." 18 U.S.C. § 3664(f)(2). Fontanez contended that the sentencing court had failed to set a schedule for his restitution payments and had instead unlawfully delegated its

3

power to set that schedule to the BOP. Therefore, the BOP lacked any authority to require him to make restitution payments through the IFRP or to punish him for refusing to pay.

Fontanez's initial request was denied by a unit counselor on April 10, 2014. The request was denied a second time by the Warden of USP Hazelton, appellee Terry O'Brien ("the Warden"), on May 5, 2014. The Warden noted that the sentencing court had ordered Fontanez to "make restitution payments from any wages he may earn in prison in accordance with the [IFRP]," and he stated that "[t]he BOP does not have the authority to overrule the decision set forth by the Court." J.A. 26.

**B.**

In June 2014, proceeding pro se, Fontanez filed an application for a writ of habeas corpus under 28 U.S.C. § 2241 in the Northern District of West Virginia.

As a general matter, a federal prisoner must challenge the execution of a sentence under 28 U.S.C. § 2241, and the sentence itself under 28 U.S.C. § 2255. In re Vial, 115 F.3d 1192, 1194 & n.5 (4th Cir. 1997). Relevant to this appeal, the § 2255 "savings clause" provides that prisoners may petition under § 2241 when § 2255 is "inadequate or ineffective" to address their claims. 28 U.S.C. § 2255(e).

Fontanez contended that § 2241 was the proper procedural vehicle for his claim because he was challenging the

4

"execution," and not the validity, of his sentence. J.A. 5–6. He argued that the BOP had no authority to require him to make restitution payments through the IFRP because the sentencing court had failed to set forth a proper restitution order and schedule, in violation of the MVRA. He also alluded to a violation of his due process rights. He asked the district court to enjoin the BOP from requiring him to make further payments through the IFRP.

The Warden filed a motion to dismiss or, in the alternative, for summary judgment. The matter was referred to a magistrate judge, who issued a report recommending that the government's motion be granted and Fontanez's petition be denied. The district court adopted the magistrate judge's report in full and dismissed the case.

The court held that Fontanez was challenging his sentence "as imposed," not as executed, and so could not bring his petition directly under 28 U.S.C. § 2241. J.A. 83. The court also found that Fontanez's claim was not cognizable under 28 U.S.C. § 2255, either, because that provision could not be used to challenge solely the restitution portion of a sentence. Finally, the court determined that even if § 2255 were "inadequate or ineffective" in this case, Fontanez could not resort to § 2241 under the "savings clause" because his claim was statutory, not constitutional, and because he did not allege

5

a "complete miscarriage of justice" or a proceeding "inconsistent with the rudimentary demands of fair procedure." J.A. 84 (quoting United States v. Timmreck, 441 U.S. 780, 784 (1979)). Accordingly, the court dismissed Fontanez's habeas corpus petition.

This timely appeal followed.

## II.

## A.

We review the district court's denial of habeas corpus relief de novo. Waddell v. Dep't of Corr., 680 F.3d 384, 392 (4th Cir. 2012).

The district court denied Fontanez's petition because it understood his claim to be a challenge to the validity of his sentencing order, and not to the execution of his sentence. For that reason, the court found that his claim was not directly cognizable under § 2241. But as Fontanez's arguments have been clarified on appeal, it is now apparent that he is indeed challenging the execution of his sentence by the BOP.

Fontanez seeks relief from "the decision of the Bureau of Prisons to force him into the IFRP and its accompanying refusal to release him from it." Reply Br. at 8. He contends that the BOP exceeded its authority and usurped a "'core judicial function'" by setting "the basic terms of his restitution," in

contravention of both the MVRA and the constitutional separation of powers. Opening Br. at 9-10 (quoting United States v. Miller, 77 F.3d 71, 78 (4th Cir. 1996)). And while a premise of Fontanez's argument is that the sentencing order is invalid, he does not seek to have that order set aside. Instead, the claim on which he seeks relief is that the BOP's execution of the restitution portion of his sentence is unlawful.

It is well established that "attacks on the execution of a sentence are properly raised in a § 2241 petition." In re Vial, 115 F.3d at 1194 n.5; see also United States v. Snow, 748 F.2d 928, 933-34 (4th Cir. 1984); McGee v. Martinez, 627 F.3d 933, 937 (3d Cir. 2010); United States v. Diggs, 578 F.3d 318, 319-20 (5th Cir. 2009); Matheny v. Morrison, 307 F.3d 709, 712 (8th Cir. 2002).

Moreover, other circuit courts have expressly held that an inmate's challenge to the BOP's administration of the IFRP relates to the "execution" of a sentence and is properly brought under § 2241. McGee, 627 F.3d at 937; Diggs, 578 F.3d at 319-20; Matheny, 307 F.3d at 712. We have reached the same conclusion in unpublished opinions.

We now hold that an inmate's challenge to the BOP's administration of the IFRP is a challenge to the "execution" of

7

a sentence that is cognizable under 28 U.S.C. § 2241. Accordingly, we reverse the district court's order.[*]

Because the district court did not reach the merits of this case, we remand it for further proceedings. But we observe that the distance between the parties appears to have narrowed as the issues have been refined on appeal. Fontanez challenges the Warden's refusal to let him stop making payments through the IFRP. The Warden now takes the position that "the IFRP is a purely voluntary program" and that Fontanez "is entitled to stop participating at any time." Response Br. at 13. We defer to the district court to determine in the first instance the extent to which it is necessary to reach the merits of this case.

## III.

We find that Fontanez's claim is cognizable under 28 U.S.C. § 2241 because he challenges the execution of his sentence. Accordingly, we reverse the district court's order and remand for proceedings consistent with this opinion.

<u>REVERSED AND REMANDED</u>

---

[*] For that reason, we do not address the remainder of the district court's analysis under § 2255's savings clause.

8