**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-6894**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JUSTIN MULLINAX,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  Henry M. Herlong, Jr., Senior District Judge.  (7:12-cr-00940-HMH-16)

Submitted:  November 30, 2017                   Decided:  December 15, 2017

Before FLOYD and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Justin Mullinax, Appellant Pro Se.  Anne Hunter Young, Assistant United States Attorney,  OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina; William Jacob Watkins, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Justin Mullinax appeals the district court's order denying his "Sentence Correction Request," best construed as a 28 U.S.C. § 2241 (2012) petition because Mullinax sought to challenge the execution of his sentence. *See Fontanez v. O'Brien*, 807 F.3d 84, 86 (4th Cir. 2015) (explaining that a prisoner generally challenges the execution of a sentence under § 2241). The sentence at issue was imposed in the District of South Carolina, but Mullinax filed his petition while incarcerated in the Middle District of North Carolina. Jurisdiction over a § 2241 petition "lies only in one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). Therefore, the District Court for the District of South Carolina did not have jurisdiction over Mullinax's petition.

When a petitioner files a § 2241 petition in a court lacking jurisdiction, "the court shall, if it is in the interest of justice, transfer such action" to a court in which the petitioner could have properly filed the petition. 28 U.S.C. § 1631 (2012). Typically, "'transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is time-consuming and justice-defeating.'" *Hendrickson v. United States*, 791 F.3d 354, 363 (2d Cir. 2015) (quoting *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990)). We conclude that transfer upon remand is in the interest of justice in this case.

Accordingly, we vacate the dismissal order and remand to the district court so that the action may be transferred to the Middle District of North Carolina.[*] We dispense

---

[*] We express no opinion about the merits of the petition.

with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*