**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 18-6318**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

CHRISTOPHER A. HALL, a/k/a "C,"

              Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Peter J. Messitte, Senior District Judge. (8:04-cr-00559-PJM-8; 8:17-cv-01194-PJM)

Submitted: July 9, 2018                        Decided: July 18, 2018

Before KING and AGEE, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Christopher A. Hall, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher A. Hall, a federal prisoner, appeals the district court's order dismissing his motion to reopen and vacate its previous order denying his 28 U.S.C. § 2255 (2012) motion pursuant to Fed. R. Civ. P. 60(b) and 28 U.S.C. § 2241 (2012). The district court construed Hall's motion as an unauthorized successive § 2255 motion and dismissed it for lack of jurisdiction. On appeal, Hall contends that the district court erred in denying him relief under § 2241 in light of *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018), which was decided after the district court's order issued.[1]

A federal defendant must seek habeas relief under § 2255 and may only seek relief under § 2241 if a § 2255 motion is inadequate or ineffective to test the legality of his detention. *See* 28 U.S.C. § 2255(e) (2012); *Wheeler*, 886 F.3d at 419; *Fontanez v. O'Brien*, 807 F.3d 84, 86 (4th Cir. 2015); *Prousalis v. Moore*, 751 F.3d 272, 275 (4th Cir. 2014);

---

[1] We limit our review of this case to the single issue raised by Hall. *See* 4th Cir. R. 34(b) ("The Court will limit its review to the issues raised in the informal brief."); *see also Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014). Although Hall's only issue on appeal addresses the district court's treatment of his claim for relief under 28 U.S.C. § 2241, the district court did not explicitly analyze Hall's claim for relief under that section. In its Memorandum Opinion, the district court denied Hall's motion for post-judgment relief after categorizing the motion as "a successive § 2255 petition" and concluding that it "lack[ed] jurisdiction to review the [m]otion." *Hall v. United States*, No. 8:04-cr-00559-PJM (D. Md. Jan. 30, 2018), ECF No. 754. The district court did not elaborate upon its implicit rejection of Hall's section 2241 claim for relief. However, that does not hinder our ability to affirm the district court's decision. *See Scott v. United States*, 328 F.3d 132, 137 (4th Cir. 2003) ("We are, of course, entitled to affirm on any ground appearing in the record . . . ." (citing *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992))). Indeed, as explained herein, the record fails to demonstrate that Hall has met the savings clause requirements of section 2255(e).

*Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010). The requirements of the savings clause are jurisdictional. *Wheeler*, 886 F.3d at 424-26. In *Wheeler*, we held that § 2255 is inadequate and ineffective to test the legality of a sentence when:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*Id.* at 429. We have reviewed the record and conclude that Hall fails to satisfy this test.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*