**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-6274**

IVAN A. COPELAND,

        Petitioner - Appellant,

    v.

S. KASSELL, Warden,

        Respondent - Appellee.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Irene M. Keeley, Senior District Judge.  (1:17-cv-00078-IMK)

Submitted:  July 5, 2018                 Decided:  August 8, 2018

Before DUNCAN, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Ivan Alexander Copeland, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ivan Alexander Copeland, a federal prisoner, appeals the district court's order accepting the recommendation of the magistrate judge and denying relief on his 28 U.S.C. § 2241 (2012) petition. Copeland sought to challenge his sentence as a career offender based on *Mathis v. United States*, 136 S. Ct. 2243 (2016). A federal defendant must seek habeas relief under 28 U.S.C. § 2255 (2012) and may only seek relief under § 2241 if a § 2255 motion is inadequate or ineffective to test the legality of his detention. *See* 28 U.S.C. § 2255(e) (2012); *United States v. Wheeler*, 886 F.3d 415, 419 (4th Cir. 2018); *Fontanez v. O'Brien*, 807 F.3d 84, 86 (4th Cir. 2015); *Prousalis v. Moore*, 751 F.3d 272, 275 (4th Cir. 2014); *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010). The requirements of the savings clause are jurisdictional. *Wheeler*, 886 F.3d at 424-26.

The district court determined that Copeland did not establish his entitlement to application of the savings clause. After the district court's decision issued, we held that § 2255 is inadequate and ineffective to test the legality of a sentence when:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*Id.* at 429. We have reviewed the record and conclude that Copeland fails to satisfy the test in *Wheeler*, because *Mathis* has not been deemed to apply retroactively on collateral review. *See, e.g., Dimott v. United States*, 881 F.3d 232, 234 (1st Cir. 2018).

2

Accordingly, although we grant Copeland leave to proceed in forma pauperis, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*