**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-7384

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

       v.

BRANDON RICARDO SETZER,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Robert G. Doumar, Senior District Judge.  (2:17-cr-00058-RGD-RJK-1)

Submitted:  February 21, 2019                    Decided:  February 26, 2019

Before GREGORY, Chief Judge, and AGEE and DIAZ, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Brandon Ricardo Setzer, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brandon Ricardo Setzer, a federal inmate, appeals the district court's order denying Setzer's postjudgment motion to alter his criminal judgment to render him eligible for early release upon Setzer's completion of the Residential Drug Abuse Program. *See* 18 U.S.C. § 3621(e)(2) (2012). The district court perceived it lacked the statutory authority to act on Setzer's motion because his criminal judgment, which was entered in September 2017, was final. *See* 18 U.S.C. § 3582(b) (2012). However, the district court could have considered Setzer's pro se motion as a 28 U.S.C. § 2241 (2012) petition because Setzer was, in essence, challenging the Bureau of Prison's computation and execution of his sentence. *See Fontanez v. O'Brien*, 807 F.3d 84, 86 (4th Cir. 2015) (explaining that "a federal prisoner must challenge the execution of a sentence under 28 U.S.C. § 2241"). Accordingly, we vacate the district court's order and remand this matter to the district court with direction to construe the motion as a § 2241 petition.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[*] We recognize that the district court, in turn, will need to transfer this matter to the district of Setzer's confinement. *See United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989) (explaining that a § 2241 claim that attacks the execution of the sentence itself must be brought "in the district of confinement rather than in the sentencing court").