**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-7510**

LARRY D. HILL, JR.,

           Petitioner - Appellant,

      v.

FRANCISCO QUINTANA, Warden,

           Respondent - Appellee.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, Chief District Judge.  (5:18-hc-02024-BO)

Submitted:  April 18, 2019                          Decided:  May 1, 2019

Before NIEMEYER and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Larry D. Hill, Jr., Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larry D. Hill, Jr., filed a 28 U.S.C. § 2241 (2012) petition challenging the validity of his convictions and sentence. On its initial review pursuant to 28 U.S.C. § 2243 (2012), the district court denied Hill's pending motions and dismissed the petition without prejudice for lack of jurisdiction. The court explained that Hill must seek habeas relief under § 2241 in the Eastern District of Kentucky, where he is presently confined. Hill moved for reconsideration under Fed. R. Civ. P. 59(e), arguing that the rule requiring a prisoner to file a § 2241 petition in the district of his confinement addresses venue, not jurisdiction, and may be waived if not timely challenged by the respondent. The court agreed that the issue of whether a court may consider a § 2241 petition is better understood as a question of venue, not jurisdiction, but nevertheless denied Hill's motion for reconsideration, explaining that this distinction does not change the fact that Hill must file his § 2241 petition in the Eastern District of Kentucky. Hill appeals both orders.

We review a district court's denial of relief on a § 2241 petition de novo, *Fontanez v. O'Brien*, 807 F.3d 84, 86 (4th Cir. 2015), and the denial of a Rule 59(e) motion for abuse of discretion, *Wicomico Nursing Home v. Padilla*, 910 F.3d 739, 750 (4th Cir. 2018). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The Supreme Court has interpreted the phrase "within their respective jurisdictions" as "requir[ing] nothing more than that the court issuing the writ have jurisdiction over the custodian." *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (internal quotation marks omitted). "The plain language of the habeas statute thus

2

confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Id.* at 443.

The Supreme Court, however, clarified that jurisdiction within the meaning of the statute does not refer to the subject-matter jurisdiction of the district court. *Id.* at 434 n.7. Rather, "the question of the proper location for a habeas petition is best understood as a question of personal jurisdiction or venue." *Id.* at 451 (Kennedy, J., concurring). "Thus, although the decision in *Padilla* did not resolve the precise nature of the restriction that the language of § 2241(a) places on the filing of habeas petitions, a majority of the Supreme Court plainly rejected a subject-matter jurisdiction analysis in that case." *Kanai v. McHugh*, 638 F.3d 251, 257 (4th Cir. 2011).

We have not resolved the issue but have emphasized that whether the phrase "is better understood as a requirement of personal jurisdiction over a habeas respondent . . . or as a venue provision prescribing the particular location for the filing of a habeas petition, . . . neither of these types of requirements addresses the subject-matter jurisdiction of the district courts." *Id.* at 258. This is significant because, unlike subject-matter jurisdiction, any challenge to venue or personal jurisdiction based on the "language in § 2241 is waived if not timely asserted." *Id.*; *see* Fed. R. Civ. P. 12(b)(2)-(3), (h)(1).

We conclude that, while the district court properly conceded in its order denying Hill's motion for reconsideration that it did not lack subject-matter jurisdiction over the § 2241 petition, it incorrectly maintained that sua sponte dismissal on the ground that Hill filed the petition in the improper venue was the appropriate remedy. Nevertheless, we

3

affirm on the alternate ground that Hill has not demonstrated that 28 U.S.C. § 2255 (2012) is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018), *cert. denied*, ___ S. Ct. ___, No. 18-420, 2019 WL 1231947 (U.S. Mar. 18, 2019); *In re Jones*, 226 F.3d 238, 333-34 (4th Cir. 2000); *see also Williamson v. Stirling*, 912 F.3d 154, 171 (4th Cir. 2018) ("[W]e are entitled to affirm on any ground apparent from the record.").

Accordingly, we grant Hill leave to proceed in forma pauperis, deny his motion for bail and for appointment of counsel, and affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*