**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 19-6316**

_____

RAUL GONZALEZ-HERNANDEZ,

                    Petitioner - Appellant,

        v.

JOE COAKLEY, Warden,

                    Respondent - Appellee.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  Frederick P. Stamp, Jr., Senior District Judge.  (5:18-cv-00096-FPS-JPM)

_____

Submitted:  September 26, 2019                    Decided:  October 1, 2019

_____

Before WILKINSON and AGEE, Circuit Judges, and SHEDD, Senior Circuit Judge.

_____

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

_____

Raul Gonzalez-Hernandez, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Raul Gonzalez-Hernandez, a federal inmate, appeals the district court's order accepting the magistrate judge's recommendation and denying relief on his 28 U.S.C. § 2241 (2012) petition, which sought to challenge the computation of his remaining sentence. For the reasons that follow, we affirm in part, vacate in part, and remand for further proceedings.

A federal prisoner may challenge the execution of his sentence, including the computation of his remaining term, by filing a § 2241 petition. *Fontanez v. O'Brien*, 807 F.3d 84, 86-87 (4th Cir. 2015). We review the denial of a § 2241 petition de novo. *Id.* at 86.

Initially, we agree with the district court's determination that Gonzalez-Hernandez was not entitled to credit from the date of his federal arraignment, October 15, 2013, to the date of his federal sentencing and entry of judgment, September 18, 2017. Accordingly, we affirm that part of the order for the reasons stated by the district court. *Gonzalez-Hernandez v. Coakley*, No. 5:18-cv-00096-FPS-JPM (N.D.W. Va. Feb. 1, 2019).

However, having reviewed the federal sentencing transcript, which was not included in the district court record, we conclude that Gonzalez-Hernandez might be eligible for credit for the period of time between the entry of his federal judgment and the completion of a previously imposed state sentence on September 22, 2017. At sentencing, the court had discretion to run Gonzalez-Hernandez's federal sentence concurrently with the undischarged portion of his state sentence. *See* 18 U.S.C. § 3584(a) (2012). Although the federal criminal judgment was silent on this point, "where a conflict exists between an

2

orally pronounced sentence and the written judgment, the oral sentence will control." *United States v. Osborne*, 345 F.3d 281, 283 n.1 (4th Cir. 2003).

Accordingly, we grant leave to proceed in forma pauperis, vacate the district court's order as to the period of time between September 18, 2017, and September 22, 2017, and remand for further consideration in light of the sentencing transcript.[*] We deny Gonzalez-Hernandez's motion to appoint counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*

---

[*] By this disposition, we express no opinion as to the ultimate resolution of this issue.

3