**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-7334**

GARY A. ZIERKE,

        Petitioner - Appellant,

    v.

JENNIFER SAAD,

        Respondent - Appellee.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  Frederick P. Stamp, Jr., Senior District Judge.  (5:18-cv-00155-FPS)

Submitted:  January 31, 2020                Decided:  February 12, 2020

Before KING and RUSHING, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Gary A. Zierke, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gary A. Zierke, a federal prisoner, appeals the district court's order accepting the recommendation of the magistrate judge and dismissing without prejudice Zierke's 28 U.S.C. § 2241 (2018) petition in which Zierke sought to challenge his conviction and sentence by way of the savings clause in 28 U.S.C. § 2255 (2018). We affirm.[*]

We review de novo the denial of § 2241 relief. *Fontanez v. O'Brien*, 807 F.3d 84, 86 (4th Cir. 2015). Pursuant to § 2255(e), a prisoner may challenge his conviction and sentence in a traditional writ of habeas corpus pursuant to § 2241 if a § 2255 motion would be inadequate or ineffective to test the legality of his detention.

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000).

> [Section] 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the

---

[*] The district court found that Zierke did not file timely objections to the magistrate judge's report and recommendation. We excuse any default and address the appeal on the merits because it is not clear that Zierke's objections were untimely. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985). To the extent Zierke's objections were timely, the district court's finding of untimeliness was harmless because the court engaged in a de novo review of the portions of the report to which Zierke objected.

sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018).

We have reviewed the record and find no reversible error. Accordingly, we affirm for the reasons stated by the district court. *Zierke v. Saad*, No. 5:18-cv-00155-FPS (N.D.W. Va. July 30, 2019). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*