**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-6975**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOYCE VERCAUTEREN,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. James K. Bredar, Chief District Judge. (1:15-cr-00284-MJG-1)

Submitted: January 29, 2020                     Decided: February 19, 2020

Before KING and HARRIS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Joyce Vercauteren, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joyce Vercauteren — a federal prisoner who was convicted and sentenced in the District of Maryland but is incarcerated in the Northern District of Florida — filed a motion in the Maryland district court seeking a reduction of her sentence or a recommendation from the court to the Bureau of Prisons (BOP) suggesting that her sentence be reduced. Vercauteren filed her motion in the district court — requesting a sentence reduction based on her expected completion of a BOP Residential Drug Abuse Program — after the BOP denied her request for such a reduction. *See* 18 U.S.C. § 3621(e)(2)(B) (2018). The district court denied Vercauteren's motion. She now appeals that denial.

We conclude that Vercauteren's motion challenging the BOP's execution of her sentence was, in substance, a habeas petition under 28 U.S.C. § 2241 (2018). *See Fontanez v. O'Brien*, 807 F.3d 84, 87 (4th Cir. 2015) (attacks on execution of sentence properly raised in § 2241 petition). But the only proper respondent to a prisoner's § 2241 petition is the prisoner's immediate custodian, and a district court may only grant habeas relief within its jurisdiction. *See* 28 U.S.C. § 2241(a); *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35, 442 (2004). Because Vercauteren is incarcerated in the Northern District of Florida, jurisdiction over her § 2241 petition lies in that district — not in the Maryland district court. *See Padilla*, 542 U.S. at 442-43.

Accordingly, we vacate the district court's order and remand for the district court to determine whether transferring Vercauteren's § 2241 petition would serve the interest of justice, *see* 28 U.S.C. §§ 1406(a), 1631 (2018), or whether the petition is more appropriately dismissed without prejudice to her refiling it, if she wishes, in the appropriate

district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*