**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 19-6999**

KEITH HAGER,

Petitioner - Appellant,

v.

WARDEN,

Respondent - Appellee.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Glen E. Conrad, District Judge. (7:19-cv-00226-GEC-PMS)

Submitted: March 10, 2020                                    Decided: March 12, 2020

Before NIEMEYER and AGEE, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Keith Hager, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Keith Hager, a federal prisoner, appeals the district court's order denying relief on his 28 U.S.C. § 2241 (2018) petition in which he sought to challenge his conviction and sentence by way of the savings clause in 28 U.S.C. § 2255 (2018).[*] We review de novo the denial of § 2241 relief. *Fontanez v. O'Brien*, 807 F.3d 84, 86 (4th Cir. 2015). Pursuant to § 2255(e), a prisoner may challenge his conviction and sentence in a traditional writ of habeas corpus pursuant to § 2241 if a § 2255 motion would be inadequate or ineffective to test the legality of his detention.

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000).

> [Section] 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018).

---

[*] As the district court noted, although Hager attempted to frame his § 2241 petition as contesting the execution of his sentence, his claims in fact challenged the validity of his conviction and sentence.

We have reviewed the record and find no reversible error.  Accordingly, we affirm for the reasons stated by the district court.  *Hager v. Warden*, No. 7:19-cv-00226-GEC-PMS (W.D. Va. June 21, 2019).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*