**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 20-7901**

ANTHONY ANDREWS,

       Petitioner - Appellant,

    v.

BRYAN K. DOBBS, Warden FCI Williamsburg,

       Respondent - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  David C. Norton, District Judge.  (6:20-cv-03026-DCN)

Submitted:  May 4, 2021                  Decided:  May 26, 2021

Before KEENAN, WYNN, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Anthony Andrews, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Andrews appeals the district court's order denying relief on his 28 U.S.C. § 2241 petition. We review de novo a district court's order denying a § 2241 petition. *Fontanez v. O'Brien*, 807 F.3d 84, 86 (4th Cir. 2015). The district court declined to address the merits of Andrews' claims because it determined that Andrews' § 2241 petition was duplicative of the matters pending in the sentencing court and on direct appeal from that court. We acknowledge the overlap between his § 2241 arguments and his direct appeal. Despite that overlap, the arguments here are not identical to those made in his direct appeal and they appear to be proper for a § 2241 claim. *See Great Am. Ins. Co. v. Gross*, 468 F.3d 199, 206-07 & n.6 (4th Cir. 2006); *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997).

However, even if Andrews is correct that the district court should have addressed the merits of his petition, "we may affirm a district court's ruling on any ground apparent in the record." *United States ex rel. Drakeford v. Tuomey*, 792 F.3d 364, 375 (4th Cir. 2015). Andrews' arguments fail on the merits. He is not entitled to good-time credits on his revocation sentence because the district court sentenced him to 12 months' imprisonment. *See* 18 U.S.C. § 3624(b)(1). Under § 3624(b)(1), a prisoner is only entitled to good-time credit if he is "serving a term of imprisonment of more than 1 year." *Id*. We do not read *United States v. Haymond*, 139 S. Ct. 2369 (2019) to allow Andrews to use the time he served on supervised release for his 2001 conviction as a credit for the prison sentence imposed in 2018 for new criminal conduct. *See Kidd v. Fikes*, No. 20-cv-287 (SRN/TNL), 2020 WL 7210025, at *3 (D. Minn. Aug. 17, 2020) (collecting cases). Therefore, we affirm the district court's order.

2

Last, we deny Andrews' motion to proceed by pseudonym. This issue was raised for the first time on appeal and Andrews does not offer evidence of exceptional circumstances that would justify reversing the district court on this issue.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*