**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 22-7438**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DAVID HILL,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Senior District Judge.  (1:01-cr-00191-CMH-1)

─────────────

Submitted:  June 15, 2023                      Decided:  June 20, 2023

─────────────

Before DIAZ, RICHARDSON, and HEYTENS, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

David Hill, Appellant Pro Se.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Hill appeals the district court's order denying relief on his 28 U.S.C. § 2241 petition and denying other motions Hill filed in his criminal case.  On appeal, Hill challenges only the district court's rejection of his § 2241 petition, which we review de novo.  *Fontanez v. O'Brien*, 807 F.3d 84, 86 (4th Cir. 2015).  Although the district court arguably misconstrued Hill's petition, we affirm the denial order because the asserted claims fail as a matter of law, and "we may affirm a district court's ruling on any ground apparent in the record."  *United States ex rel. Drakeford v. Tuomey*, 792 F.3d 364, 375 (4th Cir. 2015).

Specifically, Hill's claim for sentencing relief based on § 403(a) of the First Step Act of 2018 fails because that statutory change does not apply retroactively to cases on collateral review.  *See United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018) (setting forth four-part test to satisfy the requirements of the savings clause of 28 U.S.C. § 2255(e)).[*]  Next, while Hill's claim based on *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc), satisfies *Wheeler*, upon review, we conclude that *Simmons* is inapplicable here.  Hill asserted a *Simmons*-based challenge to his career offender designation, which was predicated, in relevant part, on Hill's 1996 Maryland conviction for fourth-degree burglary.  Although Hill received only a three-month sentence, under the then-applicable Maryland statute, this offense carried a statutory maximum three-year

---

[*] We observe that Hill's claim under the First Step Act remains pending in the district court as the subject of Hill's motion for compassionate release.  *See United States v. Hill*, No. 1:01-cr-00191-CMH-1 (E.D. Va., PACER No. 372).

2

prison term. *See Green v. State*, 705 A.2d 133, 137 (Md. Ct. Spec. App. 1998) (observing that fourth-degree burglary, in violation of Md. Code, Art. 27, § 32, was punishable by up to three years' imprisonment). Because Hill does not have a viable *Simmons* challenge to his career offender designation, there is no basis for remanding this matter to the district court for further consideration under *Wheeler*.

Accordingly, we affirm the district court's order denying the § 2241 petition, *see United States v. Hill*, No. 1:01-cr-00191-CMH-1 (E.D. Va. Sept. 21, 2022), for the identified reasons. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*