**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-7315**

_____

LUIS SERRANO,

               Petitioner - Appellant,

     v.

WARDEN FCI BENNETTSVILLE,

               Respondent - Appellee.

_____

Appeal from the United States District Court for the District of South Carolina, at Beaufort. Donald C. Coggins, Jr., District Judge.  (9:21-cv-02927-DCC)

_____

Submitted:  March 12, 2024                                    Decided:  April 1, 2024

_____

Before THACKER and HEYTENS, Circuit Judges, and KEENAN, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Luis Serrano, Appellant Pro Se.  Johanna Valenzuela, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Luis Serrano, a federal prisoner, appeals the district court's order accepting the recommendation of the magistrate judge and granting summary judgment to Defendants on Serrano's 28 U.S.C. § 2241 petition. Serrano's § 2241 petition challenged the discipline hearing officer's finding, following a prison disciplinary hearing, that Serrano committed the prohibited act of possession of a hazardous tool—a cell phone. The hearing officer imposed a monetary fine of $500, a loss of visitation privileges for 365 days, and a loss of 41 days of good conduct time. On appeal, Serrano argues that (1) the evidence was insufficient to support a finding that he possessed the cell phone because the brand of the cell phone identified in the incident report did not match that of the phone referred to in the hearing officer's report, and because the cell phone was found in a shared locker; (2) Serrano's right to due process was violated because he did not receive the incident report within 24 hours of the incident as required by Bureau of Prisons policy; and (3) the reporting officer did not proffer at the hearing mail with Serrano's name on it that was alleged to have been found in the locker where the phone was found. We affirm.

We review de novo the district court's denial of a § 2241 petition. *Fontanez v. O'Brien*, 807 F.3d 84, 86 (4th Cir. 2015). We also "review de novo a district court's award of summary judgment." *Griffin v. Bryant*, 56 F.4th 328, 335 (4th Cir. 2022). "Summary judgment is appropriate only if no material facts are disputed and the moving party is entitled to judgment as a matter of law." *Id.* (internal quotation marks omitted); *see, e.g.,* Fed. R. Civ. P. 56(a). At the summary judgment stage, we view the facts and reasonable inferences therefrom in the light most favorable to Serrano, the nonmoving party. *United*

2

*States v. 8.929 Acres of Land*, 36 F.4th 240, 252 (4th Cir. 2022). We also "read the pleadings of a pro se plaintiff liberally and interpret them to raise the strongest arguments that they suggest." *Martin v. Duffy*, 977 F.3d 294, 298 (4th Cir. 2020) (internal quotation marks omitted).

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Nevertheless, "constitutional procedural due process protections extend to prison disciplinary proceedings that could adversely impact an inmate's liberty interests—such as the loss of good time credits at issue here." *Lennear v. Wilson*, 937 F.3d 257, 268 (4th Cir. 2019). "[I]n a disciplinary proceeding in which an inmate's liberty interests are at stake, government officials must provide the inmate with written notice of the charges at least 24 hours before the hearing as well as a written report after the hearing detailing the evidence relied upon and the reasons for the disciplinary action." *Id.* An inmate also "has a qualified right to call witnesses and present documentary evidence in his defense[] . . . unless unduly hazardous to institutional safety or correctional goals," *id.* (internal quotation marks omitted), as well as the opportunity to have assistance from others in understanding the legal issues if the incarcerated person is illiterate or the issues are complex, *Wolff*, 418 U.S. at 570.

Further, to "comport with the minimum requirements of procedural due process," a prison disciplinary decision leading to the loss of good time credits must be "supported by some evidence in the record." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985) (internal quotation marks omitted). "This is an exceedingly lenient standard,

3

requiring only 'a modicum of evidence' in order 'to prevent arbitrary deprivations without threatening institutional interests or imposing undue administrative burdens.'" *Tyler v. Hooks*, 945 F.3d 159, 170 (4th Cir. 2019) (quoting *Hill*, 472 U.S. at 455). It "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the [hearing officer]." *Id.* (internal quotation marks omitted).

In this case, the hearing officer considered a photograph of the cell phone; the statements by Serrano and his witness; and the incident report, which contained a statement from the reporting officer that he discovered the cell phone in Serrano's locker and that, immediately before he discovered the phone, he witnessed Serrano by the locker "acting strange" and speaking aloud, although no one else was present. The reporting officer stated that he found both the phone and mail with Serrano's name on it inside the locker. Finally, the reporting officer stated in the incident report that the locker in question was located in Serrano's room and was assigned to Serrano. Although Serrano contends the locker was used by other people, and he points to a discrepancy regarding the phone's brand, we conclude that the findings of the disciplinary hearing officer were adequately supported "by some evidence in the record." *See Hill*, 472 U.S. at 454.

We further agree with the district court that Serrano received all the process he was due, including (1) written notice of the charge approximately two weeks before the hearing, (2) a written report containing an explanation of the evidence the hearing officer relied on and memorializing his findings, and (3) the opportunity to call witnesses, present evidence,

4

and request assistance from staff.  Finally, we agree with the district court that any error related to submission of the mail at the hearing was harmless because consideration of the mail would not have aided Serrano's defense.  *See Lennear*, 937 F.3d at 276-77.

Accordingly, we affirm the district court's order.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*