**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 24-6487**

———————————

JOSEPH JACKSON NOFFLETT,

        Defendant - Appellant,

    v.

UNITED STATES OF AMERICA,

        Plaintiff - Appellee.

———————————

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville.  James P. Jones, Senior District Judge.  (3:00-cr-00062-JPJ-PMS-1)

———————————

Submitted:  November 14, 2024            Decided:  November 18, 2024

———————————

Before THACKER and HARRIS, Circuit Judges, and KEENAN, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Joseph Jackson Nofflett, Appellant Pro Se.  Sean Michael Welsh, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph Jackson Nofflett, a federal prisoner who was convicted and sentenced in the Western District of Virginia, filed a motion in the Western District of Virginia seeking to challenge the computation of his supervised release revocation sentence. In a text order, the district court dismissed the motion without prejudice for lack of jurisdiction, noting that Nofflett was then housed in FCI Beckley, which is in the Southern District of West Virginia. Nofflett appeals.

Given that the underlying motion sought to challenge the execution of Nofflett's revocation sentence, the district court properly construed Nofflett's motion as seeking relief pursuant to 28 U.S.C. § 2241. *See Fontanez v. O'Brien*, 807 F.3d 84, 86 (4th Cir. 2015) (explaining that a prisoner generally challenges the execution of a sentence under § 2241). However, a district court may grant § 2241 habeas relief only within its jurisdiction. *See* 28 U.S.C. §§ 2241(a), 2242; *Rumsfeld v. Padilla*, 542 U.S. 426, 442-43 (2004). Because Nofflett is incarcerated in the Southern District of West Virginia, jurisdiction over his § 2241 petition lies in that district—not in the district court below. *See Padilla*, 542 U.S. at 442-44. Accordingly, we affirm the district court's order treating the underlying motion as a § 2241 petition and dismissing it without prejudice.[*] We deny Nofflett's motion to appoint counsel on appeal.

---

[*] While we express no opinion as to the merits of the underlying petition, we observe that Nofflett may refile the § 2241 habeas petition in the Southern District of West Virginia.

2

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*