**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 24-6012**

─────────────

PAUL NICOLETTI,

Petitioner - Appellant,

v.

M. J. BAYLESS,

Respondent - Appellee.

─────────────

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  John Preston Bailey, District Judge.  (5:23-cv-00120-JPB)

─────────────

Submitted:  November 14, 2024                              Decided:  January 13, 2025

─────────────

Before NIEMEYER, WYNN, and BENJAMIN, Circuit Judges.

─────────────

Vacated and remanded by unpublished per curiam opinion.

─────────────

Paul Nicoletti, Appellant Pro Se.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Paul Nicoletti appeals the district court's orders accepting in part the recommendation of the magistrate judge and dismissing with prejudice his 28 U.S.C. § 2241 petition and denying reconsideration. On appeal, Nicoletti challenges the district court's deference to the Bureau of Prison's (BOP) calculation and application of Nicoletti's time credits under the First Step Act of 2018 ("FSA"), Pub. L. No. 115-391, §§ 101-107, 132 Stat. 5194, 5195-206. Specifically, Nicoletti contends that the district court erred in relying on *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 865 (1984),[*] to defer to the BOP's calculation of his time credits, and he asserts that the BOP should have found him eligible for placement in home confinement on or around January 22, 2024. For the following reasons, we vacate the district court's orders and remand for further proceedings consistent with this opinion.

A federal prisoner may challenge the execution of a sentence under § 2241, *Fontanez v. O'Brien*, 807 F.3d 84, 86 (4th Cir. 2015), and we review the denial of relief de novo, *Castaneda v. Perry*, 95 F.4th 750, 755 (4th Cir. 2024). The FSA allows eligible inmates to earn "time credits" for participating in BOP recidivism reduction programming. 18 U.S.C. § 3632(d)(4)(A). According to the FSA, an inmate "earn[s] 10 days of [FSA] time credits for every 30 days of successful participation in [this] programming. 18 U.S.C. § 3632(d)(4)(A)(i); *see also* 28 C.F.R. § 523.42(c)(1) (2024). However, an inmate can earn

---

[*] The Supreme Court subsequently overruled *Chevron* in *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244, 2273 (2024) (holding that a court "may not defer to an agency interpretation of the law simply because a statute is ambiguous").

an extra five days of credit (that is, 15 days of time credit for every 30 days of successful program participation), if the BOP has determined that the inmate presents a low recidivism risk and the inmate maintains this "minimum or low risk for recidivating . . . over [two] consecutive assessments." 18 U.S.C. § 3632(d)(4)(A)(ii); *see* 28 C.F.R. § 523.42(c)(2) (2024).

Under the FSA, an inmate's earned time credits can "be applied toward time in prerelease custody"—i.e., a residential reentry center ("RRC") or home confinement ("HC")—"or supervised release." 18 U.S.C. § 3632(d)(4)(C); *see also* 18 U.S.C. § 3624(g)(3) (authorizing BOP to apply earned time credits to commence supervised release term up to 12 months earlier). However, the earned time credits can only be applied toward supervised release or prerelease custody when an inmate has earned time credits that equal the remainder of his sentence. 18 U.S.C. § 3624(g)(1)(A).

Based on this framework, we discern no error in the district court's determination that Nicoletti failed to identify an issue with his eligibility for RRC/HC placement, particularly given that the FSA provides that the BOP may not apply an inmate's time credits toward early release or prerelease confinement until the number of credits equals the remainder of the inmate's term of imprisonment, and Nicoletti had failed to meet this threshold at the time the district court issued its opinion. However, we agree with Nicoletti that the district court erred in relying on *Chevron* to find that the BOP was entitled to deference on its determination of the relevant risk and needs assessment periods.

Until recently, an agency's interpretation of an ambiguous statute was entitled to *Chevron* deference, but "such strong deference [was] limited to circumstances where

3

(1) Congress ha[d] given the agency authority to make rules carrying the force of law and (2) the agency's interpretation [was] rendered in the exercise of that authority." *Knox Creek Coal Corp. v. Sec'y of Lab., Mine Safety & Health Admin.*, 811 F.3d 148, 158 (4th Cir. 2016) (internal quotation marks omitted). Moreover, even prior to the Supreme Court's recent decision in *Loper Bright*, we have long held that BOP program statements are not the type of agency interpretations that would have given rise to *Chevron* deference. *See Cunningham v. Scibana*, 259 F.3d 303, 306 (4th Cir. 2001) (explaining that a "BOP[] program statement is an internal agency guideline that has not been subjected to the rigors of notice and comment rulemaking" and therefore is not entitled to *Chevron* deference). Rather, an interpretation contained in a policy statement is entitled to deference under *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944), "to the extent that it has the 'power to persuade.'" *Knox Creek Coal Co.*, 811 F.3d at 160 (quoting *Skidmore*, 323 U.S. at 140). The Supreme Court's decision in *Loper Bright* does not appear to impact the framework established in *Skidmore*. 144 S. Ct. at 2262-63; *see id.* at 2309 (Kagan, J., dissenting) ("[T]he majority makes clear that what is usually called *Skidmore* deference continues to apply. Under that decision, agency interpretations constitute a body of experience and informed judgment that may be entitled to respect." (cleaned up)).

Thus, "the weight that courts afford an agency's interpretation depends upon the thoroughness evident in the agency's consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade." *Carlton & Harris Chiropractic, Inc. v. PDR Network, LLC*, 982 F.3d 258, 264 (4th Cir. 2020) (cleaned up); *see also Perez v. Cuccinelli*, 949 F.3d 865, 877 (4th

4

Cir. 2020) ("Absent eligibility for *Chevron* deference, agency interpretations are only given a level of respect commensurate with their persuasiveness." (internal quotation marks omitted)); *Knox Creek Coal Co.*, 811 F.3d at 160 (listing factors).  Other factors used to assess a rule's persuasiveness include "the degree of the agency's care, its consistency, formality, and relative expertness." *Carlton*, 982 F.3d at 264-65 (internal quotation marks omitted).  The application of this "approach has produced a spectrum of judicial responses from great respect at one end, to near indifference at the other." *United States v. Mead Corp.*, 533 U.S. 218, 228 (2001) (citations omitted).

Here, the district court did not examine the persuasiveness of the BOP's interpretation of its rule under *Skidmore* or the extent to which that persuasiveness requires deference.  Accordingly, we vacate the court's orders and remand to allow the court to analyze the issue, "[r]ather than guess as to how much deference (if any) the district court is inclined to give." *Carlton*, 982 F.3d at 265.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

5