**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-7035**

_____

UNITED STATES OF AMERICA,

　　　　　　Plaintiff - Appellee,

　　v.

LATEEF FISHER, a/k/a Apple,

　　　　　　Defendant - Appellant.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, District Judge.  (3:15-cr-00018-GMG-RWT-1)

_____

Submitted:  March 27, 2025　　　　　　　　　　　Decided:  April 1, 2025

_____

Before THACKER and BERNER, Circuit Judges, and KEENAN, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Lateef Fisher, Appellant Pro Se.  Kimberley DeAnne Crockett, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lateef Fisher appeals the district court's order denying his motion challenging the amount of his monthly restitution payment. The amount of Fisher's monthly restitution payment is administered by the Bureau of Prisons (BOP). We have held that "an inmate's challenge to the BOP's administration of the [Inmate Financial Responsibility Program] is a challenge to the 'execution' of a sentence" and that "attacks on the execution of a sentence are properly raised in a [28 U.S.C.]§ 2241 petition." *Fontanez v. O'Brien*, 807 F.3d 84, 87 (4th Cir. 2015). Fisher failed to properly raise his challenge in a 28 U.S.C. § 2241 petition. Further, he did not demonstrate that he pursued an administrative remedy with the BOP.[*]

We have reviewed the record and find no reversible error. Accordingly, we affirm the order of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] To the extent Fisher challenged the imposition of the restitution, he did not raise the claim in his initial motion, and such a challenge should have been properly addressed on direct appeal.

2