**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 25-6012**

─────────────

BILLY G. ASEMANI,

                Petitioner - Appellant,

     v.

DIRECTOR, OFFICE OF DETENTION & REMOVAL, DEPARTMENT OF HOMELAND SECURITY, IMMIGRATION & CUSTOMS ENFORCEMENT,

                Respondent - Appellee.

─────────────

Appeal from the United States District Court for the District of Maryland, at Baltimore. Deborah Lynn Boardman, District Judge.  (1:22-cv-02620-DLB)

─────────────

Submitted:  September 29, 2025                Decided:  March 24, 2026

─────────────

Before GREGORY and WYNN, Circuit Judges, and KEENAN, Senior Circuit Judge.

─────────────

Vacated and remanded by unpublished per curiam opinion.

─────────────

Billy G. Asemani, Appellant Pro Se.  Jessica Frances Woods Dillon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Billy G. Asemani, a native and citizen of Iran, is currently incarcerated in state custody and is under an immigration detainer and a final order of removal. The final order of removal was entered in 2004. Asemani filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district court, challenging the detainer order lodged against him by the Department of Homeland Security (DHS). The Government filed a motion to dismiss for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1), and for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

The district court dismissed the § 2241 petition without prejudice for lack of jurisdiction. The district court found it lacked jurisdiction to provide habeas relief because Asemani was not "in custody," a requirement for seeking relief under § 2241. The court found Asemani did not satisfy the custody requirement because he was not in the custody of the authority from which he sought relief—Immigration and Customs Enforcement— but rather, was in the custody of the state.

We review the district court's denial of a § 2241 petition de novo. *Fontanez v. O'Brien*, 807 F.3d 84, 86 (4th Cir. 2015). Under § 2241, a prisoner may seek habeas relief if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Noncitizens challenging their detention and deportation may also petition for a writ of habeas corpus under § 2241. *See INS v. St. Cyr*, 533 U.S. 289, 298 (2001) (reviewing a noncitizen's habeas challenge).

Courts broadly construe the term "in custody." *See Maleng v. Cook*, 490 U.S. 488, 493 (1989). Here, the district court found that Asemani was not in federal custody for

2

purposes of § 2241 because he was serving a state sentence; the court further concluded that the fact that an immigration detainer had been lodged against Asemani did not render him in federal custody. While the court was correct that Asemani's immigration detainer did not mean that he was in custody for purposes of § 2241, *see, e.g.*, *Zolicoffer v. U.S. Dep't of Just.*, 315 F.3d 538, 541 (5th Cir. 2003), "a final deportation order subjects an alien to a restraint on liberty sufficient to place the alien 'in custody,'" *Rosales v. Bureau of Immigr. & Customs Enf't*, 426 F.3d 733, 735 (5th Cir. 2005) (collecting cases).

Here, as we have already held, Asemani was under a final order of removal and was thus "in custody" for purposes of § 2241. *In re Asemani*, No. 25-1513, 2025 WL 1823953, at *1 (4th Cir. July 2, 2025) ("While Asemani would be in custody for purposes of § 2241, he cannot obtain a review of his 2004 order of removal by filing a § 2241 petition in this court."); *cf. Korac v. Warden Fairton FCI*, 814 F. App'x 722, 723 (3d Cir. 2020) (holding a noncitizen could challenge a detainer so long as he was also subject to a final deportation order).

We therefore deny Asemani's pending motions, and vacate the district court's order, and remand for further proceedings.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[*] We take no position on the merits of the claims in the § 2241 petition.

3